UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

TIFFANY RICKS,

          Plaintiff,

v.                                                                           Action No. 2:20cv292

DR. MICHAEL Q. HUYNH,

          Defendant.

## REPORT AND RECOMMENDATION

In this medical malpractice case, Plaintiff moved to permit a late expert disclosure on the grounds that the originally identified expert "backed out" and refused to testify. (ECF No. 12). Defendant opposed leave to file the late disclosure, arguing the grounds are insufficient, and that the late-disclosed report from the substitute expert fails to meet the requirements of Rule 26(a)(2)(B). (ECF No. 14). After considering the parties' briefing, the expert's report, Plaintiff's deposition testimony, and oral argument, I conclude that the report is both late and deficient and the defects are neither substantially justified nor harmless. Accordingly, this Report recommends the court deny the late filing and exclude the report and testimony.[1]

Plaintiff, Tiffany Ricks, underwent laparoscopic repair of an abdominal hernia by Defendant, Dr. Michael Q. Huynh ("Dr. Huynh"), in June 2018. She alleges Dr. Huynh breached the standard of care during the surgery and as a result she had to have a second surgery, by a

---

[1] Because the motion presented a discovery matter, it was referred to the undersigned by standing order. Ordinarily disputes about expert testimony, even when they may affect a claim or defense, are considered non-dispositive. Jesselson v. Outlet Associates of W'burg. Ltd. P'Ship., 784 F. Supp. 1223, 1227-28 (E.D. Va. 1991). However, as Plaintiff's claim for medical malpractice may rise or fall on the admission of the expert's testimony, I have prepared my opinion in the form of a recommended decision, out of an abundance of caution, to preserve the parties' access to the Article III forum. See 28 U.S.C. § 636(b)(1)(C); Ford v. Torres, No. 1:08cv1153, 2009 WL 10687787 (E.D. Va. Oct. 16, 2009).

different doctor, in September 2018. The doctor who performed the second surgery, Dr. Yeshtokin, stated that the hernia Dr. Huynh was supposed to repair "was still present and it appears that this was not addressed at all during her surgery in June." Expert Rpt. of Stephen M. Cohen, M.D. at 3 ("Cohen Rpt.") (ECF No. 14-3, at 6).

Under the terms of the Scheduling Order, Plaintiff was required to identify retained experts by February 8, 2021 and file the disclosures required by Rule 26(a)(2)(B) no later than March 8, 2021. Scheduling Order ¶ 2 (ECF No. 11, at 1). Plaintiff timely identified Dr. David Stuart as a retained standard of care expert. Def.'s Opp., Ex. A (ECF No. 14-1). Prior to the date for expert disclosures, Dr. Stuart apparently declined to testify or provide a report. Plaintiff did not promptly communicate with defense counsel about the change, but at 4:23 p.m. on March 8, the last date for disclosure of expert reports, she identified a new expert, Dr. Steven M. Cohen. Def.'s Opp., Ex. B (ECF No. 14-2). In an email sent that same evening, counsel asked if Defendant would agree to the late disclosure. Id. Three minutes later, and without any response from the defense, counsel filed the present motion.

After reviewing Dr. Cohen's report, Dr. Huynh's counsel declined to consent to the extension and filed a brief opposing the late disclosure. Def.'s Opp. (ECF No. 14). Defendant raises several objections. First, he notes that Plaintiff failed to meet and confer as required by Local Rule 37(E). Id. at 6. Second, he claims the initial expert's decision to "back out," is not a substantial justification for the late disclosure of a previously unidentified expert. Id. at 5. Finally, he argues the late disclosure is not harmless, as the substitute expert's report fails to comply with most of the requirements of Rule 26(a)(2)(B), and permitting the late filing would frustrate Defendant's ability to identify and timely prepare responsive expert disclosures in advance of the June trial. Id. at 6-11. I consider each of these arguments in turn.

2

## I.     **Standard of Review**

Rule 26(a)(2)(B) requires the parties to identify their retained experts and disclose their expected testimony in a written report signed by the expert. Fed. R. Civ. P. 26(a)(2)(A), (B). The Scheduling Order in this case required the party with the burden of proof to identify experts no later than February 8, 2021 and to disclose their testimony in a written report by March 8, 2021. Scheduling Order, ¶ 2 (ECF No. 11, at 1). Trial is set June 8, 2021. Id. ¶ 1. The report required by Rule 26(a)(2)(B) must contain:

> i.    a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> ii.   the facts or data considered by the witness in forming them;
>
> iii.  any exhibits that will be used to summarize or support them;
>
> iv.   the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> v.    a list of all other cases in which, during the previous 4, the witness testified as an expert at trial or by deposition; and
>
> vi.   a statement of the compensation to be paid for the study and testimony in the case.

In the event a party fails to comply with disclosure obligations, Rule 37 provides:

> [T]he party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). By prescribing exclusion of expert testimony, Rule 37 provides a "'self-executing sanction for failure to make a disclosure required by Rule 26(a),' designed to provide a 'strong inducement for disclosure.'" Rambus, Inc. v. Infineon Techs. AG, 145 F. Supp. 2d 721, 724 (E.D. Va. 2001) (quoting Carney v. KMart Corp., 176 F.R.D. 227, 229 (S.D. W. Va. 1997)).

3

This automatic sanction is subject to two exceptions: substantial justification and harmlessness. Courts in this circuit generally address these exceptions jointly using the five-factor test adopted in Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596-97 (4th Cir. 2003). Those factors are:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence

Id. at 597. Because the factors are intended only to guide the court's "broad discretion" in determining harmlessness or justification, the court need not address each factor point-by-point. Wilkins v. Montgomery, 751 F.3d 214, 222 (4th Cir. 2014) (quoting Southern States, 318 F.3d at 597). If the court finds that exclusion is not warranted, Rule 37 permits "appropriate sanctions," including an award of fees, to remedy any harm to a party. Fed. R. Civ. P. 37(c)(1)(A), (C).

### A.  Plaintiff Failed to Meet and Confer Regarding the Late Disclosure and Failed to Certify Having Done So.

Defendant first argues that Plaintiff's motion should not be considered as a result of her counsel's failure to meet and confer as required by Local Rule 37(E). The Local Rule specifies that the court "will not consider any motion concerning discovery matters unless the motion is accompanied by a statement of counsel that a good faith effort has been made between counsel to resolve the discovery matters at issue." There is no dispute that Plaintiff failed to comply with the certification requirement, and very little dispute that the meet-and-confer required by the Rule did not happen. It is not clear exactly when the original expert, Dr. Stuart, "backed out," nor when Plaintiff ultimately retained Dr. Cohen, but it must have been prior to 4:23 p.m. on March 8, when Dr. Cohen's identity and report were originally disclosed to Defendant. See, Def.'s Opp., Ex. B (ECF No. 14-2). On that same date, approximately twenty-two minutes after emailing the report,

4

Plaintiff first requested that Defense counsel consent to the late disclosure.[2] See id. Prior to receiving any response to the email request, Plaintiff filed this motion to permit late identification of her expert.

Plaintiff failed to comply with Local Rule 37(E), as a single email is insufficient to meet the Rule's requirements under its plain language. Kolon Indus., Inc. v. E.I. DuPont De Nemours & Co., No. 3:11cv622, 2012 WL 12894840 (E.D. Va. Feb. 23, 2012). The failure to comply with Rule 37(E) by itself is sufficient grounds to deny relief sought by the motion. Rainey v. Anderson, No. 17cv444, 2018 WL 3636596 (E.D. Va. Apr. 11, 2018). Nevertheless, because of the centrality of Dr. Cohen's proffered opinions to Plaintiff's claims, and the parties' subsequent, albeit belated, efforts to confer regarding the late disclosure, the court will proceed to address the remaining arguments. JTH Tax, Inc. v. Aime, No. 2:16cv279, 2016 WL 9223926, at *6 (E.D. Va. Dec. 13, 2016) (finding parties' belated efforts to confer regarding the dispute satisfied Local Rule 37(E) and addressing the substance of motion to compel).

**B.     Plaintiff's Late Disclosure Fails to Meet the Requirements of Rule 26(a)(2)(B).**

Dr. Cohen's report falls short of the requirements imposed by Rule 26 and the court's Scheduling Order in almost every element. In addition to being late, the report fails to articulate any opinion on what the standard of care is, or on how Dr. Huynh's surgery breached the standard of care. It does not include an accurate specification of the facts and data he considered, provides no exhibits, and includes a bare listing of more than 40 prior expert engagements, which is insufficient to meet the Rules' purpose for identifying prior testimony.

After discussing excerpts of the medical records from Dr. Huynh and the second surgeon, Dr. Yeshtokin, Dr. Cohen's report observes that Dr. Huynh "performed a laparoscopic repair of

---

[2] Plaintiff's counsel had apparently sent by regular mail a request to consent earlier, but the mailed letter did not arrive until after the motion was filed. See Def.'s Opp., Ex. D (ECF No. 14-4).

5

an incisional hernia on June 19, 2018." Cohen Rpt. at 2 (ECF No. 14-3, at 5). Dr. Huynh's operative note is selectively quoted though not attached. It describes the repair as involving a composite mesh sutured to the abdominal wall. Id. After surgery, Ms. Ricks was shown photos of the mesh repair, and her incision appeared to be healing normally. Id. at 2-3 (ECF no. 14-3, at 5-6). Eight weeks later, she presented to Dr. Yeshtokin, who ordered another CT scan as a result of complaints of a bulge in the epigastric region that had continued to get larger since her original surgery. Dr. Yeshtokin's notes reflect her conclusion that this was the same hernia which appeared on the earlier CT scan, and which "was apparently not addressed at all during her surgery in June."[3] Id. at 3 (ECF No. 14-3, at 6).

After reviewing these excerpts, Dr. Cohen recites his opinion that it was a breach of "the standard of care to not fix the hernia." Id. Although his report purports to elaborate, the remaining sentences of his opinion merely restate his original conclusion, noting that Dr. Huynh "identified the hernia preoperatively … yet chose to leave it alone." Id. The third sentence likewise states in conclusory fashion that Dr. Huynh "identified such hernia during his laparoscopic surgery, yet did not properly repair such hernia." Id. Finally, Dr. Cohen opines to "a reasonable degree of medical probability and certainty the hernia that was identified … should have been repaired." Id. at 4 (ECF No. 14-3, at 7). Thus, Dr. Cohen has restated his opinion four times that the breach of standard of care was Dr. Huynh's alleged "failure to repair" the originally identified hernia.

But as Dr. Cohen's report also notes, Dr. Huynh did perform surgery on Ms. Ricks, and sutured a composite mesh into her abdominal wall. At the same time, his operative notes reflect that he observed a second "sub-centimeter/small facial defect" which he left alone "given the proximity of the transverse colon in this area." Id. at 2 (ECF No. 14-3, at 5). Dr. Cohen's opinion

---

[3] Dr. Yeshtokin has not been identified to offer opinion testimony on the standard of care.

6

says nothing about the surgery Dr. Huynh did perform. He does not state the repair was defective, or how or why it was a "failure." To the extent his opinion relates to the second smaller hernia observed by Dr. Huynh and left unrepaired, he has not addressed any defects in the reasons offered by Dr. Huynh why he chose not to repair the smaller "facial defect," what the standard of care would be to address such anomalies, or why his failure to address it breached the standard of care.

Rule 26(a)(2)(B) disclosures are intended to forecast trial testimony, and "the prima facia showing necessary to establish malpractice" should be evident through the disclosure of the expert report. Sharpe v. United States, 230 F.R.D. 452, 461 (E.D. Va. 2005). In this case, Plaintiff would have to produce expert testimony from which the jury could conclude that the repair performed by Dr. Huynh failed to meet the standard of care, or that his stated reasons for not addressing the "sub-centimeter/small facial defect" during the original surgery were somehow deficient. Because the report does not even address the standard of care with respect to these two actions, much less any breach of the standard of care, the report fails to contain a complete statement of the witness's opinions, or "the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B).

Likewise, the opinion does not include a complete description of the medical records relied upon. Although it does identify CT imagery and hospital records related to the surgeries, it also lists "Medical Records, various providers June 19, 2018 to December 14, 2018." Cohen Rpt. at 1 (ECF No. 14-3, at 4). No records are provided or identified as exhibits.

Finally, the list of cases provided in the report is insufficient to meaningfully assess Dr. Cohen's prior testimony. The list provided includes only the dates of testimony and party last names, but no case numbers and no mention of the jurisdiction where the cases were pending. This limited information makes the preparation to which the Rule is directed difficult, if not impossible. Moreover, the list of prior testimony is long, containing 42 entries reflecting Dr. Cohen's previous

7

testimony by deposition or at trial. See id. at 20-21 (ECF No. 14-3, at 27-28). As a result, the limited information provided in the list is insufficient for Dr. Huynh to identify the nature of Dr. Cohen's prior testimony, which cases might be relevant to his conclusions in this case (to the extent they are asserted), all of which is necessary to prepare rebuttal testimony and conduct the adversarial testing of his opinion expected at trial.

### C. The Deficiencies in the Substitute Expert Report are not Substantially Justified or Harmless.

With respect to the Southern States factors, Plaintiff has addressed only the lateness of Dr. Cohen's identification, but failed to address any of the substantive deficiencies in the late report. She argues that the reason for the late disclosure merits a finding that it was substantially justified. Dr. Huynh disagrees, noting that Plaintiff had ample time to ensure that the originally retained expert was prepared to testify and to produce an adequate report. Having selected a single expert to testify regarding standard of care, the Plaintiff is "hard pressed" to complain when that expert proves inadequate and the court declines late substitution. Saman v. St. Joseph Hosp., 670 F.3d 21, 39 (1st Cir. 2012) (affirming exclusion of new opinions by late-disclosed treating providers under Rule 37). Nonetheless, if delay were the only defect in the substitute report the balance required under the law of this circuit would tilt in favor of permitting the late filing.

But Plaintiff has failed to address the numerous other deficiencies raised by Dr. Huynh's opposition, or their impact on the finding of substantial justification and harmlessness.[4] As Defendant points out, the substitute expert's report is "sketchy and vague," Def.'s Opp. (ECF No.

---

[4] Plaintiff did not file a reply brief, as permitted by Local Rule 7(F). At oral argument on this motion counsel stated that the substantive deficiencies were addressed by the opposition to Defendant's pending summary judgment motion. (ECF No. 18). But of the five total pages in Defendant's brief opposing summary judgment, Plaintiff's defense of the expert report is contained in two paragraphs of less than a half page. It does not answer any of the criticisms, but merely restates Plaintiff's position that the report is adequate as prepared. Pl.'s Mem. Opp. Summ. J. (ECF No. 18, at 4-5).

8

14, at 7), and fails to provide information crucial to defending the case, and identifying and designating rebuttal experts. Sharpe v. United States, 230 F.R.D. 452, 459 (E.D. Va. 2005). There is substantial surprise to Dr. Huynh and limited ability to cure that surprise. The Defendant had not previously identified Dr. Cohen, but a different physician with a different surgical specialty. The complete absence of any rationale disclosed in the late designation leaves the Defendant completely in the dark about how to respond with a counter designation or how to defend the expected testimony. Without a substantial revision and extension of the timeline for pretrial disclosures, the delay brought about by permitting the disclosure would undoubtedly affect the scheduled jury trial. In addition, Plaintiff has not offered a justification for the substantial shortcomings in the report itself, nor sought any extension to permit an amended or supplemental report which might address them. See Sharpe, 230 F.R.D. at 452. It is true that the evidence which Dr. Cohen purports to offer would be important to Plaintiff's case, and this factor therefore weighs in favor of permitting the filing. But as the opinion fails to establish the applicable standard of care or how that standard was breached, this factor is due little weight. This is particularly so as Plaintiff has not sought to amend the disclosure nor meaningfully addressed the deficiencies outlined. After considering all of the foregoing, I do not find the disclosures substantially justified or harmless, and therefore will recommend the court deny Plaintiff's motion.

## II. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Plaintiff's Motion to Permit a Late Expert Witness Identification (ECF No. 12) be DENIED.

## III. Review Procedure

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

April 15, 2021