UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

TIFFANY RICKS,

        Plaintiff,

v.                                                                  CIVIL ACTION NO. 2:20cv292

MICHAEL HUYNH,

        Defendant.

## ORDER

This matter comes before the Court on Tiffany Ricks's ("Plaintiff"), objections to Magistrate Judge Douglas E. Miller's Report and Recommendation ("Report") dated April 15, 2021. ECF Nos. 21, 22. Judge Miller's Report concerns Plaintiff's Motion to Permit a Late Expert Witness Identification ("Motion to Permit"). ECF No. 12. Upon review of the Motion to Permit, Judge Miller's Report, and Plaintiff's objections, the Court **ADOPTS** the findings and recommendations of Judge Miller as set forth in the Report filed on April 15, 2021. ECF No. 21. Accordingly, the Court **DENIES** Plaintiff's Motion to Permit. ECF No. 12. Since the Court's decision on Plaintiff's Motion to Permit is dispositive of Michael Huynh's ("Defendant") Motion for Summary Judgment, the Court **GRANTS** Defendant's Motion for Summary Judgment. ECF No. 15. Finally, Defendant's Motion to Strike and non-party witness Dr. Nicole Yeshtokin's Motion to Quash are **DISMISSED as moot**, ECF Nos. 23, 25.

### I. FACTUAL AND PROCEDURAL BACKGROUND

#### A. FACTUAL HISTORY

A summary of the relevant facts follows. This matter is a diversity action bringing a Virginia medical malpractice claim against Defendant. ECF No. 1. The claim is based on a June

2018 surgical procedure Plaintiff underwent to fix an abdominal hernia. See ECF No. 1 at 2. Portions of Defendant's operative notes reflect that he sutured a composite mesh into Plaintiff's abdominal wall to address the previously identified hernia. See Expert Rpt. Of Stephen M. Cohen, M.D. at 3 ("Cohen Rpt."), ECF No. 14-3 at 6. Defendant also identified a second hernia which he left alone "given the proximity of the transverse colon in this area." Id. at 2, ECF No. 14-3 at 5.

Plaintiff still experienced pain after the procedure performed by Defendant and noticed a persistent bulge in the surgical area. See Deposition of Tiffany Ricks at 7, 9–10 ("Pl. Dep."), ECF No. 18-3. Eventually, Plaintiff made an additional appointment with Dr. Nicole Yeshtokin to evaluate the issue. Id. at 11. Dr. Yeshtokin performed scans of the area and informed Plaintiff the initially identified hernia Defendant performed surgery on was still present. Id. at 12–13. In September 2018, Dr. Yeshtokin performed a second operation on Plaintiff. Id. at 18.

### B. PROCEDURAL BACKGROUND

Plaintiff filed her Complaint against Defendant on June 16, 2020 asserting a medical malpractice claim against Defendant. ECF No. 1. She seeks $3.2 million for various injuries and expenses related to her condition and surgeries. Id. Defendant answered the complaint on September 28, 2020. ECF No. 8. A Rule 16(b) scheduling conference was held on October 26, 2020. See ECF No. 11. The Rule 16(b) Scheduling Order stated that the parties were to identify the names, addresses, occupations, and fields of expertise of their experts by February 8, 2021 and exchange their expert reports pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 26(a)(2)(B) by March 8, 2021. Id. Plaintiff timely identified Dr. David Stuart as a retained standard of care expert. ECF No. 14-1. On February 15, 2021, Plaintiff learned that Dr. Stuart planned to decline to testify on behalf of the Plaintiff. See ECF No. 22 at 2. Three weeks later on Monday, March 8 at 4:23 p.m., the last date for disclosure of expert reports, Plaintiff identified

2

a new expert, Dr. Steven M. Cohen. ECF No. 14-2. In an email sent that same evening, Plaintiff's counsel asked if Defendant would agree to the late disclosure. Id. Three minutes later, Plaintiff filed her Motion to Permit. ECF Nos. 12, 13.

Defendant filed his opposition to the Motion to Permit on March 17, 2021. ECF No. 14. Two days later, Defendant filed a Motion for Summary Judgment, arguing the late expert report is insufficient to make a prima facie case regarding the standard of care owed the Plaintiff. ECF Nos. 15, 16. On April 1, 2021, Plaintiff filed her opposition to Defendant's Motion for Summary Judgment. ECF No. 18. Defendant filed a reply on April 7, 2021. ECF No. 19.

On April 8, 2021, Judge Miller heard oral argument on the Motion to Permit. Judge Miller issued his Report on April 15, 2021. ECF No. 21. In the Report, Judge Miller found that Plaintiff failed to properly meet and confer with Defendant regarding the late disclosure and failed to properly certify doing so, violating Local Rule 37(E). Id. at 4–5. Alternatively, Judge Miller found the proposed substituted expert report failed to meet the requirements of FRCP Rule 26(a)(2)(B). The expert report failed to state what standard of care Dr. Huynh's surgery was supposed to follow or how the standard was breached. Id. at 5–6. It also failed to include a complete description of the medical records relied on and failed to sufficiently list cases to assess Dr. Cohen's proper testimony. Id. at 7–8. Judge Miller then analyzed the factors listed in Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596–97 (4th Cir. 2003) to determine whether the deficiencies were substantially justified or harmless. Judge Miller found that these deficiencies were not substantially justified nor harmless and recommended this Court deny Plaintiff's Motion to Permit. Id. at 8–9.

Plaintiff filed objections on April 28, 2021, two weeks after Judge Miller's Report, which included submitting a "Rebuttal Designation" for Dr. Cohen to contest Judge Miller's findings.

3

ECF No. 22. Defendant filed his response to Plaintiff's objections on May 12, 2021. ECF No. 28. A hearing on the objections was held before the Court on May 18, 2021. ECF No. 30. The matter is now ripe for review.

## II. LEGAL STANDARDS

### A. REVIEW OF THE REPORT

After the Magistrate judge issues a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which [proper] objection is made." 28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In Flame S.A. v. Indus. Carriers, Inc., the Court discussed the review of a Magistrate Judge's rulings on discovery motions that have a dispositive effect. Flame S.A., 39 F. Supp. 3d 752, 756-57 (E.D. Va. Aug. 26, 2014). The Court held that "the Court has to review those dispositive sanctions de novo and those non-dispositive sanctions under a clearly erroneous or contrary to law standard." Id. at 757.

Where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations," de novo review is unnecessary. Allen v. Coll. of William & Mary, 245 F. Supp. 2d 777, 788 (E.D. Va. 2003) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982) (internal citations omitted)). Moreover, "[a] mere restatement of the arguments raised in the summary judgment filings does not constitute an objection for the purposes of district court review." Nichols v. Colvin, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015); see also Hartfield v. Colvin, No. 2:16–CV–431, 2017 WL 4269969, at *7 (E.D. Va. Sep. 26, 2017) ("The Court may reject perfunctory or rehashed objections

4

. . . that amount to 'a second opportunity to present the arguments already considered by the Magistrate Judge.") (internal citation omitted). If no proper objection is made, the district court need only review the report and recommendation for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

"In general, 'issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.'" Thomas v. Colvin, No. 4:14cv105, 2016 U.S. Dist. LEXIS 34301, at *7 (E.D. Va. March 16, 2016) (citations omitted). "However, as 'part of its obligation to determine de novo any issue to which proper objection is made, a district court is required to consider all arguments to that issue, regardless of whether they were raised before the magistrate.'" Id. "Thus, while 'parties may not raise new claims in their objections to a magistrate judge's report, [the] district court must consider new arguments respecting any existing claims.'" Id.

### B.    RULE 26(A) EXPERT REPORT DISCLOSURES

FRCP Rule 26(a)(2)(B) requires that each party disclose the identity and report of any witness who is retained to provide expert testimony. Fed. R. Civ. P. 26(a)(2)(A) & (B). The report submitted along with the identifications is to contain: A complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of prior publications; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the last ten years. Fed. R. Civ. P. 26(a)(2)(B). A party that fails to disclose information required by Rule 26(a) or 26(e)(1) is not permitted to use as evidence at trial any information not so disclosed. See Fed. R. Civ. P. 37(c)(1).

There are two general exceptions to the automatic exclusion of Rule 37: substantial

5

justification and harmlessness. The Fourth Circuit analyzes both exceptions under a five-factor test adopted in Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596–97 (4th Cir. 2003). These factors are: "(1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony." Id.

Parties are under a duty to supplement the information contained in any such reports as stated in Rule 26(e)(1). Fed.R.Civ.P. 26(e)(1). Supplementation must be made "by the time the party's pretrial disclosures under Rule 26(a)(3) are due," which is "[u]nless the court orders otherwise...at least 30 days before trial." Fed. R. Civ. P. 26(a)(3)(B). However, supplementation does not mean that a party may submit a wholly new expert report or attempt to remedy "the incomplete or inadequate review performed" by an expert. See Sharpe v. United States, 230 F.R.D. 452, 462 (E.D. Va. 2005).

### C. SUMMARY JUDGMENT

A party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); see also Kelley v. United Parcel Service, Inc., 2013 WL 2480211, at *1 (4th Cir. June 11, 2013). The moving party has the initial burden of showing that no genuine dispute of material facts exists; however, "[o]nce a [moving party] makes a properly supported motion for summary judgment, the burden shifts to the [nonmoving party] to set forth specific facts showing that there is a genuine issue for trial." Sylvia Development Corp. v. Calvert County, Md., 48 F.3d 810, 817 (4th Cir. 1995).

When reviewing a motion for summary judgment, the Court must "draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion." Tuck v. Henkel Corp., 973 F.2d 371, 374 (4th Cir.1992), cert. denied, 507 U.S. 918 (1993); see also EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405 (4th Cir. 2005). However, "only 'reasonable' inferences from the evidence need be considered by the court." Sylvia Development Corp., 48 F.3d at 818. The Court of Appeals for the Fourth Circuit has further elaborated on this principle, indicating that "[p]ermissible inferences must still be within the range of reasonable possibility . . . and it is the duty of the court to withdraw the case from the jury when the necessary inference is so tenuous that it rests merely upon speculation and conjecture." Id. (quoting Ford Motor Co. v. McDavid, 259 F.2d 261, 266 (4th Cir. 1958) cert denied, 358 U.S. 908 (1958)). "Whether an inference is reasonable cannot be decided in a vacuum; it must be considered 'in light of the competing inferences' to the contrary." Id. (citing Matsushita Elect. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 588 (1986)).

Thus, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case," to defeat an otherwise properly supported motion for summary judgment. Kelley, 2013 WL 2480211, at *1 (quoting Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002)). "Accordingly, to deny a motion for summary judgment, '[t]he disputed facts must be material to an issue necessary for the proper resolution of the case, and the quality and quantity of the evidence offered to create a question of fact must be adequate to support a jury verdict.'" Standard Fire Ins. Co. v. Armstrong, 2013 WL 1933828, at *2 (E.D. Va. May 8, 2013) (quoting Thompson v. Everett, Inc. v. Nat'l Cable Adver., LP, 57 F.3d 1317, 1323 (4th Cir. 1995)).

Absent the rare case in which the alleged negligent act or omission is clearly within the

7

common knowledge of laymen, "expert testimony is ordinarily necessary" to establish the elements of a medical malpractice claim under Virginia law. Parker v. United States, 475 F. Supp. 2d 594, 598 (E.D. Va. 2007). Thus, summary judgment is appropriate when a plaintiff cannot provide an expert witness as, without an expert, the plaintiff is "unable to establish a prima facie case of medical malpractice." Campbell v. United States, 470 F. App'x 153, 158 (4th Cir. 2012).

### III. ANALYSIS

#### A. OBJECTIONS TO JUDGE MILLER'S REPORT

Plaintiff makes three general arguments in objecting to Judge Miller's Report. ECF No. 22. First, regarding the failure to comply with Local Rule 37(E), Plaintiff's counsel did reach out to defense counsel by e-mail at 4:45 p.m. on March 8 to ask for an extension for the late filing. Id. at 3–4. There was no phone or in person conversation had and Plaintiff's counsel did not initially receive a response from defense counsel. Id. Plaintiff's counsel argues Plaintiff should not be harmed by a good faith, but technical violation of the Rule. Second, regarding the Southern States factors, Plaintiff argues they point to permitting the late disclosure under these circumstances. Plaintiff argues, among other points, there would be no significant disruption from allowing the expert report, the evidence is crucial to Plaintiff's case, and that the failure to come up with an alternate expert was reasonable in the circumstances. Id. at 4–5. Finally, Plaintiff argues the report substantively meets FRCP Rule 26(a). The report allegedly lists the standard of care (to fix the hernia) and the failure to fix the hernia breached that standard. Id. at 6–7. Plaintiff also submits a Rebuttal Designation for the Court's review. Id. at 7.

Defendant has raised several counterpoints to the Plaintiff's objections. First, Defendant argues that Plaintiff has not properly raised objections to Judge Miller's Report. ECF No. 28 at 8. In the event the Court finds objections are proper and that de novo review is required, Defendant argues the Report withstands any review standard. First, Defendant argues that Local

Rule 37 applies to Plaintiff's Motion to Permit the late filing and that Plaintiff clearly failed to comply, but notes Judge Miller's recommendation that this Court not deny Plaintiff's Motion to Permit and to proceed to the other arguments. Id. at 8–9. Defendant also argues that Judge Miller was correct in deciding Dr. Cohen's expert report failed to meet the substantive requirements of Rule 26(a). Id. at 10–11. Finally, Defendant argues that the five-factor test in Southern States shows that the deficiencies were neither substantially warranted nor harmless to Defendant. Id. at 14–15.

As a ruling on the Motion to Permit is likely dispositive of Defendant's Motion for Summary Judgment, the Court will review the objections to Judge Miller's report de novo.

### 1. Violation of Local Rule 37(E)

First, the Court finds that Plaintiff's Motion to Permit is in violation of Local Rule 37(E). Judge Miller found that Plaintiff's handling of her initial expert backing out and her filing of the Motion to Permit violated Local Rule 37(E). ECF No. 21 at 4–5. Local Rule 37(E) states in part that "[n]o motion concerning **discovery matters** may be filed until counsel shall have conferred in person or by telephone to explore with opposing counsel the possibility of resolving the discovery matters in controversy." (emphasis added). As expert designations are discovery matters, Local Rule 37(E) clearly covers the issue at hand. It is undisputed that Plaintiff's counsel never conferred in person or by telephone with defense counsel before he filed the Motion to Permit. Plaintiff's counsel argues Dr. Stuart's backing out created unique circumstances that he attempted to address, but counsel knew of Dr. Stuart's refusal to testify a **full three weeks** before he informed defense counsel of the issue. See ECF No. 22 at 2. Dr. Stuart withdrew a week after the parties were to exchange names on their experts, ECF No. 11, so it would have been reasonable to reach out to Defendant earlier to attempt to reach an agreement regarding substitution of expert witnesses.

9

Violation of Local Rule 37 allows for sanctions under FRCP Rule 37. See Local Rule 37(H). However, the potential dispositive nature of a ruling on Plaintiff's Motion to Permit counsels against harsh sanctions for violation of a Local Rule. However, the lateness of Dr. Cohen's report also independently violated FRCP Rule 26(a)(2)(D).

### 2. Lateness of Dr. Cohen's Report

It is undisputed by the parties that Plaintiff did not meet the March 8, 2021 deadline to disclose its expert report. ECF No. 11. Thus, because Plaintiff failed to comply with this deadline, Plaintiff violated the timing requirements of FRCP Rule 26(a)(2)(D).

FRCP Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, **unless the failure was substantially justified or is harmless**." (emphasis added). As stated, the Fourth Circuit analyzes both exceptions together by looking at five factors: "(1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure that surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony." Southern States, 318 F.3d at 596–97. Judge Miller found that these factors suggest Dr. Cohen's report should be excluded. ECF No. 21 at 8–9. The Court finds the same.

First, regarding surprise to the Defendant, Plaintiff had timely named Dr. Stuart by February 8, 2021. ECF No. 14 at 2. Instead of receiving an expert report from Dr. Stuart on March 8, Defendant not only failed to receive a report, but instead was given the name of a previously unknown expert, not an expert report. The work Defendant had done to begin vetting Dr. Stuart between February 8 and March 8 was for nothing.

Later, when Plaintiff turned over Dr. Cohen's report, Plaintiff turned over a substantively

10

deficient report under FRCP Rule 26(a).[1]  Dr. Cohen's report was untimely and, moreover, two areas in particular merit discussion: the expert report's failure to articulate a standard of care and the failure to provide a full list of cases regarding prior testimony in the previous four years.  Dr. Cohen's report states that the standard of care due to Plaintiff was for Defendant to "fix the hernia that was seen on the original CT scan."  Cohen Rpt. at 3, ECF No. 14-3 at 6.  Nowhere in the expert report does Dr. Cohen mention what the standard of care is regarding fixing a hernia.  He does mention that "there are specific medical practices that a treating healthcare provider would be expected to provide to meet the applicable standard of care," yet elected not to articulate them. Id. at 2, ECF No. 14-3 at 5.  Nothing in the expert report suggests to Defendant, for example, (1) what the "specific medical practices" are that providers use in addressing hernias, (2) how those practices are performed during surgery, or (3) how Defendant breached those practices.  Thus, Defendant is still left attempting to forecast the specifics of Dr. Cohen's trial testimony, including the admission at oral argument that the case involves two hernias and not just the one previously identified by Defendant before he operated on Plaintiff.

Dr. Cohen's list of cases regarding prior testimony presents similar issues.  Dr. Cohen's list of 42 testimony cases only gives the name of the parties, the date of testimony, and the posture in which Dr. Cohen testified.  ECF No. 14-3 at 27–28.  This disclosure gives no indication as to the jurisdiction or specific forum the testimony was given.  When assessing the adequacy of testimony disclosure, courts confronted with the question have required "at a minimum, the courts in which the testimony occurred, the names of the parties and the case numbers, and must indicate whether the testimony was given at deposition or at trial."  Crouch v. John Jewell Aircraft, Inc.,

---

[1] Plaintiff argus in her objections that the substantive adequacy of Dr. Cohen's expert report was not properly before Judge Miller.  ECF No. 34.  The Court disagrees, as the adequacy of the expert report can be relevant to whether a late filing is harmless towards the Defendant.

11

No 3:07-cv-638, 2016 WL 157470, at *4 (W.D. Ky. Jan. 12, 2016) (quoting Ater ex rel. Ater v. Follrod, No. 2:00-cv-934, 2004 WL 6042439, at *3 (S.D. Ohio Nov. 10, 2004)); see also Coleman v. Dydula, 190 F.R.D. 316, 318 (W.D.N.Y. 1999) (same); Nguyen v. IBP, Inc., 162 F.R.D. 675, 682 (D. Kan. 1995) (same). The lack of disclosure regarding the court in which each testimony was given and the case numbers for each force Defendant to have to fish for each case, which could have occurred anywhere from Nebraska to Nova Scotia. These substantive defects by themselves significantly harm Defendant's ability to prepare for trial.

Second, regarding Plaintiff's ability to cure these defects, Plaintiff attempted to submit a "Rebuttal Designation" for the Court's review. See ECF No. 22-5. However, a party is unable to supplement an expert report when the supplementation purports to remedy "the incomplete or inadequate review performed" by the expert. See Sharpe, 230 F.R.D. at 462. Here, Dr. Cohen admits in his amended report that he "reviewed . . . [Judge Miller's] report and [rulings] dated April 15, 2021." ECF No. 22-5 at 37. The amended report attempts to reverse Judge Miller's findings that the original report was substantively inadequate, an inadequacy Plaintiff is unable to remedy through late, supplemental response.

Third, allowing the expert report in would significantly disrupt the trial. Trial is scheduled to being in this matter on June 8, 2021, and Defendant still does not have a report from Plaintiff's expert that satisfies FRCP Rule 26(a). Even assuming Plaintiff was allowed to fix the substantive inadequacies in Dr. Cohen's original report, the Rebuttal Designation still fails to articulate the standard of care. Nowhere in Dr. Cohen's two-page letter does he further articulate what the exact standard of care is regarding repairing a hernia and how that standard was breached. See ECF No. 22-5 at 37–38. In fact, Dr. Cohen states he "continue[s] to hold [his] opinions set forth on my original report (March 5, 2021) as to a reasonable degree of medical certainty and

probability." Id. at 37. This suggest Dr. Cohen still maintains his original position on the standard of care, the same standard that is inadequate in his original report. Additionally, a complaint list of testimony cases is not included.

Fourth, regarding the importance of the evidence, Plaintiff argues that "[r]efusing to permit the designation effectively closes the courthouse door to Plaintiff' meritorious case." ECF No. 22 at 5. Plaintiff is correct that, **in general**, an expert report that complies with FRCP Rule 26(a) is central to Plaintiff's case. However, the expert report in question does not comply with FRCP Rule 26(a)'s substantive requirements. Even if this Court were to allow the report, Dr. Cohen would have to testify in accordance with it. As such, Plaintiff would be unable to make a prima facie case at trial.

Finally, Plaintiff's explanation for the failure to properly disclose merits little weight. As stated, Plaintiff waited three weeks to inform Defendant that her designated expert had pulled out of the litigation. ECF No. 22. Such a delay is inexcusable. Additionally, Plaintiff still maintains the expert report satisfies FRCP Rule 26(a)'s requirements and has not given any reasonable justification for the defects or the delays in compliance with the disclosure rules.

### B. CONCLUSION

Reviewing Judge Miller's report de novo, the Court finds no error. Therefore, the Court **ADOPTS** the findings and recommendations of the Judge Miller as set forth in the Report filed on April 15, 2021. ECF No. 21. Accordingly, the Court **DENIES** Plaintiff's Motion to Permit and will exclude Dr. Cohen's expert report. ECF No. 12.

### IV. SUMMARY JUDGMENT

Two days after filing its Opposition to Plaintiff's Motion to Permit, Defendant filed a Motion for Summary Judgment. ECF No. 15. Defendant argues that if Plaintiff's Motion to Permit is denied, Plaintiff would be unable to make out a prima facie case for medical malpractice

under Virginia law. ECF No. 16 at 3–5. Defendant additionally argues that even if the Motion to Permit is granted, Dr. Cohen's expert report is substantively insufficient to establish a prima facie case. Id. at 5–7. Plaintiff counters by arguing excluding the expert report would result in a "miscarriage of justice" due to the initial expert backing out unexpectedly. ECF No. 18 at 4. Plaintiff additionally argues the expert report is substantively adequate. Id. at 4–5.

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For medical malpractice claims under Virginia law, a plaintiff must establish the standard of care, establish that a breach of that care occurred, and that Defendant's actions were the proximate cause of the injury sustained. Dixon v. Sublett, 809 S.E.2d 617, 620 (Va. 2018); Bryan v. Burt, 486 S.E.2d 536, 539–40 (Va. 1997); Raines v. Lutz, 341 S.E.2d 194, 196 (Va. 1986). Expert testimony is required to establish the standard of care unless the alleged negligent act or omission is clearly within the common knowledge of laymen. Raines, 341 S.E.2d at 196 n.2.

As the Court has already denied Plaintiff's Motion to Permit and excluded Dr. Cohen's report from trial, Plaintiff would be unable to satisfy a prima facie case for medical malpractice unless Defendant's surgical acts fall within the common knowledge of laymen. Here, the standard of care would not be in the common knowledge of laymen. This case questions a medical provider's professional judgment and competence, which does not fall within the common knowledge of a factfinder. See Parker v. United States, 475 F. Supp. 2d 594, 598 (E.D. Va. Feb. 21, 2007). Thus, Plaintiff is unable to make a prima facie case for medical malpractice.

For the reasons stated herein, Defendant Michael Huynh's Motion for Summary Judgment is **GRANTED**. ECF No. 15.

## CONCLUSION

For the reasons stated herein, the Court **ADOPTS** the findings and recommendations of

Judge Miller as set forth in the Report filed on April 15, 2021. ECF No. 21. Accordingly, the Court **DENIES** Plaintiff's Motion to Permit the late filing. ECF No. 12. Since the Court's decision on Plaintiff's Motion to Permit is dispositive of Defendant's Motion for Summary Judgment, the Court **GRANTS** Defendant's Motion for Summary Judgment. ECF No. 15. Additionally, Defendant's Motion to Strike and non-party witness Dr. Nicole Yeshtokin's Motion to Quash are **DISMISSED as moot**, ECF Nos. 23, 25. As the Court has now disposed of Plaintiff's remaining claims against Defendant, the Clerk is **DIRECTED** to enter judgment in favor of Defendant.

Plaintiff may appeal from this Order by forwarding a written notice of appeal to the Clerk of the United States District Court, Norfolk Division, 600 Granby Street, Norfolk, Virginia 23510. The written notice must be received by the Clerk within thirty (30) days from the date of the entry of this Order.

The Clerk is further **DIRECTED** to forward a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED**.

/s/
Robert G. Doumar
Senior United States District Judge

Norfolk, VA
May 20, 2021